UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EMMANUEL QULIEZ,

                        Plaintiff,

         v.                                  9:17-CV-0177
                                           (MAD/CFH)

L. VICHAW,

                        Defendant.

---

APPEARANCES:

EMMANUEL QULIEZ
12-A-0829
Plaintiff, pro se
Sing Sing Correctional Facility
354 Hunter St.
Ossining, NY 10562

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Pro se plaintiff Emmanuel Quliez commenced this civil rights action pursuant to 42 U.S.C. § 1983 in February 2017. *See* Dkt. No. 1 ("Compl."). In his complaint, plaintiff alleged that on April 27, 2012, defendant L. Vichaw "did not let me out for din[n]er." *Id.* at 4.[1] No other facts were alleged and the "Statement of Claim(s)" section of the complaint was left blank. *See id.* at 4-5.

Upon review in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the

---

[1] Defendant Vichaw is identified as a correctional officer at Great Meadow Correctional Facility. Compl. at 2.

Court determined that the complaint failed to state a claim against C.O. Vichaw upon which relief could be granted and was, therefore, subject to dismissal. Dkt. No. 4 (the "February Order") at 4-7. In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint. *Id.* at 7-8.[2]

In response to the February Order, plaintiff submitted an amended complaint which is before this Court for review. Dkt. No. 7 ("Am. Compl.").[3]

## II. DISCUSSION

In the February Order, the Court reviewed the original complaint with due regard for plaintiff's status as a pro se litigant. While recognizing that plaintiff appeared to claim that C.O. Vichaw subjected him to cruel and unusual punishment in violation of his rights protected under the Eighth Amendment, the Court concluded that "the allegation that C.O. Vichaw denied plaintiff a single meal in April 2012, even if true, does not state a claim for the violation of plaintiff's Eighth Amendment rights upon which relief may be granted." February Order at 7. The Court also noted the complaint appeared to be time-barred and subject to dismissal for that reason as well. *Id.*

Upon review of the amended complaint, the Court finds that plaintiff has failed to remedy the deficiencies identified in the February Order. The amended complaint includes no new factual allegations against C.O. Vichaw and simply restates the allegation set forth in the original complaint: "On 4-27-12 Correctional Officer L. Vichaw did not let me go to

---

[2] Plaintiff was also granted leave to proceed in forma pauperis. February Order at 7.

[3] The amended complaint is unsigned. Am. Compl. at 5. Because Rule 11 of the Federal Rules of Civil Procedure provides that the omission of the required signature may be "corrected promptly after being called to the attorney's or party's attention," the Court will consider the sufficiency of this pleading and if warranted, direct plaintiff to cure this defect. *See* Fed. R. Civ. P. 11(a).

2

din[n]er. Cell location A-2-31." Am. Compl. at 4. Plaintiff restates this assertion in the amended complaint as his "First Claim." *Id.* at 5.

Reading the pleading in the light most favorable to plaintiff, the Court finds that he has not alleged facts in the amended complaint that even suggest that this action was timely filed or that, if proven, might sustain a claim against L. Vichaw for the violation of his Eighth Amendment rights. As a result, and for the reasons set forth in the February Order, this action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 7) fails to state a claim for the violation of plaintiff's constitutional rights upon which this Court may grant relief and this action is therefore **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: May 11, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge